IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES C. BASTIAN,                                Case No. 06-1729-HO

        Plaintiff,                            ORDER

  v.

Commissioner of Social Security,

        Defendant,

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for a period of disability and disability insurance benefits.  Plaintiff argues that the administrative law judge (ALJ) erred by rejecting his testimony, his wife's testimony and the medical expert's opinion. Plaintiff further argues that as a result of these errors, the ALJ posed a deficient hypothetical question to the vocational expert (VE) and the VE's testimony has no evidentiary value.

    The ALJ stated clear and convincing reasons to reject statements of plaintiff and plaintiff's spouse concerning the intensity, persistence and limiting effects of plaintiff's

symptoms. The ALJ permissibly relied on the summary report of physical capacity evaluation (PCE) indicating ability in the light/medium work category. (Tr. 282, 427). The ALJ did not have to favor the opinions of the nurse practitioner and chiropractor over the opinion of the physical therapist. As noted by the ALJ, the nurse practitioner's opinion is not based on examination, and the chiropractor's findings are contradicted by evidence from acceptable medical sources. (Tr. 206, 273, 360-67, 427-29).

Plaintiff faults the ALJ for relying on Dr. Yarusso's report because Dr. Yarusso is an examining physician hired by an insurance company and is not a board-certified neurologist or neurosurgeon, no other physician diagnosed plaintiff with symptom magnification, and Dr. Yarusso based his opinion on positive Waddell signs, which are not meant to detect exaggerated spine-related symptoms and do not apply to the cervical spine. The ALJ's use of Dr. Yarusso's report is not improper for any of these reasons. Furthermore, Dr. Yarusso did not base his opinion solely on the Waddell signs. (Tr. 162-71).

The ALJ did not, as plaintiff contends, reject his testimony because his activities are purportedly inconsistent with his allegations of disability. Rather, the ALJ found the documentary evidence of plaintiff's activities inconsistent with his testimony that his wife essentially performs all household tasks. (Tr. 116, 118-23, 127, 129, 130, 408, 423, 427).

Next, plaintiff faults the ALJ for relying on "inconsistencies between his reports and the reports of Drs. Yarusso, Silver, Nilaver and Ginocchio." Pl's Brief at 18. But the ALJ wrote that "[s]everal physicians who examined the claimant have noted inconsistencies on their examinations." This reason is supported by substantial evidence cited by the ALJ. (Tr. 169, 189, 200, 428). Drs. Yarusso and Silver noted restrictions or symptoms out of proportion with objective medical evidence, while Dr. Nilaver noted inconsistent responses to a sensory system exam. Id.

Finally, plaintiff faults the ALJ for finding that his "poor work history detracts from a finding that disability was the cause of his not working." (Tr. 428). Plaintiff argues that the record establishes that he was often self-employed. He asserts that self-employed individuals often have business expenses that greatly reduce reported gross income. Thus, he argues that the ALJ could not rely on earnings records without records of business expenses. Plaintiff points to a document evincing that he worked as a general contractor in 1998, a year in which he had no earnings. (Tr. 92, 107, 109). There is conflicting evidence as to whether plaintiff was self-employed during years when he had no earnings or nominal earnings. (Tr. 88-92, 107, 133-34, 379-80). Substantial evidence supports the ALJ's finding, however. Plaintiff's application states that his "work has not been steady over the years." (Tr. 88).

The foregoing reasons are also germane to the statement of plaintiff's spouse that plaintiff cannot get off the couch or out the door without almost falling down, and that plaintiff falls often. (Tr. 124). The ALJ properly rejected these statements.

Plaintiff argues that the ALJ stated insufficient reasons to reject the opinion of the medical expert (ME), Dr. Cohen. The ALJ wrote that he accepted Dr. Cohen's testimony as credible. (Tr. 427). Plaintiff contends that Dr. Cohen did not generally opine that plaintiff's impairments and medications could cause his symptoms, but rather testified that plaintiff's pain and symptoms resulted from a motor vehicle accident. Pl's Brief at 19. The ALJ wrote that he accepted Dr. Cohen's testimony. He paraphrased the testimony as follows.

> Dr. Cohen testified . . . that the claimant's motor vehicle accident injury and MRI findings could cause pain and that his medications could cause concentration problems. He testified that he was surprised about the amount of pain medications the claimant was prescribed. Dr. Cohen's testimony that the claimant's impairments and [sic] could cause pain and that his medications could cause concentration problems is accepted as credible.

(Tr. 427). The ALJ's interpretation of Dr. Cohen's testimony is more reasonable than plaintiff's. First, based on his interpretation of medical records from examining physicians, Dr. Cohen opined that plaintiff's pain and symptoms resulted from a motor vehicle accident. (Tr. 410-11). Next, Dr. Cohen testified that he is surprised plaintiff takes so much pain medication. (Tr. 411). Next, the doctor testified that plaintiff's

impairments could case the pain plaintiff complains of. (Tr. 412). "See the word could that you use." <u>Id</u>. Finally, Dr. Cohen testified that plaintiff's medication would certainly cause concentration problems, so every effort should be made to decrease the medications. (Tr. 413). The ALJ did not reject Dr. Cohen's testimony, as plaintiff contends. Dr. Cohen did not testify that plaintiff experiences the severity of symptoms he alleges.

Plaintiff does not demonstrate that the ALJ's decision lacks sufficient evidentiary support or results from legal error.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this __5th__ day of September, 2008.

                                                   __s/ Michael R. Hogan__
                                                United States District Judge